UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ASSOCIATED INSDUSTRIES                 Case No. 3:14-cv-01711-AA
MAGNAGEMENT SERVICES, in its
fiduciary capacity as                      OPINION AND ORDER
administrator for an
association or member-
governed group plans; THE
ASSOCIATION OR MEMBER GROUP-
GOVERNED PLANS; and JAMES
DeWALT, in his capacity as a
participant in one of the
above-referenced plans,

        Plaintiffs,

   v.

MODA HEALTH PLAN, INC., dba
MODA HEALTH INSURANCE, an
Oregon Corporation,

        Defendant.

_____

AIKEN, Chief Judge:

    Plaintiffs filed suit pursuant to the Employee Retirement

Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001, et seq,

seeking declaratory and injunctive relief. On behalf of

themselves and participating associations, plaintiffs seek a

1 - OPINION AND ORDER

declaration that the Association or Member-Group Governed Plans (the Health Benefit Trusts) are each sponsored by an "employer" within the meaning of ERISA. 29 U.S.C. § 1002(5). Plaintiffs also seek injunctive relief enjoining defendant Moda Health Plans, Inc. (Moda) from terminating group insurance contracts issued through the Health Benefit Trusts, solely on the basis that the Health Benefit Trusts are not sponsored by "employers" under ERISA.

Plaintiffs move for summary judgment on whether the Health Benefit Trusts are sponsored by "employers" as defined by ERISA. The motion is denied.

BACKGROUND

Plaintiff Associated Industries Management Services (AIMS) is the third-party administrator of the relevant Health Benefit Trusts. The Health Benefit Trusts are sponsored by the following industry associations: the ALLtech Information Technology Group, the Greater Columbia Manufacturing Industry Group, the Columbia Retail Industry Group, the Greater Northwest Health Industry Group, the Pacific Business Resource Industry Group, and Associated Industries of the Inland Northwest, Inc. (collectively, the Industry Groups).

Moda is an insurance carrier; since 2011, has it partnered with each of the Industry Groups to offer large group medical coverage for each group's members.

2 - OPINION AND ORDER

Prior to January 1, 2014, employers purchasing health plans through an association were exempt from the Washington State small group community rating requirements. See Rev. C. Wash. §§ 48.44.024, 48.46.068, 48.21.047. According to the parties, as of January 1, 2014, the federal community rating requirements under the Affordable Care Act became applicable to all non-grandfathered group health plans, unless the health plan is sponsored by an "employer" within the meaning of ERISA. As a result, Moda is prohibited from issuing insured large group contracts through the Health Benefit Trusts in Washington State, unless each Trust is sponsored by an "employer" within the meaning of ERISA. See 29 U.S.C. § 1002(5); Wash. Admin. C. 284-170-958.

Further, Washington law requires Moda to make a good faith effort to ensure that each Health Benefit Trust is sponsored by an "employer" and thus eligible to obtain large group insurance contracts. Moda's Response to Pl.'s Motion for Summ. J. at 2. Significantly, the State of Washington Insurance Commissioner has apparently determined that the Health Benefit Trusts are not sponsored by "employers" within the meaning of ERISA and ineligible to purchase large group insurance for their members. See id. at 3 ("[T]he Insurance Commissioner stated that the Trusts

at issue in this case did not meet the 'Employer' definition under ERISA").[1]

Accordingly, plaintiffs filed this action and now move for summary judgment. Moda does not oppose plaintiffs' motion and instead seeks clarification as to its obligations; Moda will not offer group insurance contracts to the Health Benefit Trusts absent a court ruling or other verification that they are sponsored by "employers."

While plaintiffs' motion was pending, the court learned that a similar case had been filed in the Western District of Washington - where the underlying basis of plaintiffs' claims undeniably arises - and plaintiffs were ordered to show cause why this action should not be transferred. Plaintiffs strenuously oppose transfer; plaintiffs argue that their complaint raises a purely federal question under ERISA, that their choice of forum is entitled to deference, and that venue is appropriate in the District of Oregon. Plaintiffs also emphasize the factual distinctions between this case and the Washington case and claim they will suffer irreparable harm from a transfer.

I remain unconvinced that this District is the most appropriate forum; plaintiffs' underlying purpose in this case is

---

[1] Plaintiffs dispute that the Washington Insurance Commissioner conclusively determined that the sponsors of the Health Benefit Trusts are not "employers." However, Moda represents that the Commissioner has so found. Regardless, the parties' divergence is not material to the court's ruling.

4 - OPINION AND ORDER

to obtain an order rendering the Industry Groups eligible for large group insurance contracts in the State of Washington. However, given plaintiffs' choice of forum and the narrow federal question presented, I do not find sufficient justification to transfer this case sua sponte.

DISCUSSION

The question presented by plaintiffs' motion for summary judgment is whether each of the Industry Groups qualifies as an "employer" within the meaning of ERISA.

Under § 3(5) of ERISA, the term "employer" is defined as "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan; and includes a group or association of employers acting for an employer in such capacity." 29 U.S.C. § 1002(5). However, a "group of employers that establishes and maintains [a health benefits] plan must be a 'bona fide' association of employers 'tied by a common economic or representation interest, unrelated to the provision of benefits.'" Gruber v. Hubbard Bert Karle Weber, Inc., 159 F.3d 780, 787 (3d Cir. 1998) (quoting Wis. Educ. Ass'n Trust v. Iowa State Bd., 804 F.2d 1059, 1063 (8th Cir. 1986)). Further, "the employer-members of the organization that sponsors the plan must exercise control, either directly or indirectly, both in form and in substance, over the plan." Id.

(citing Dep't of Labor (DOL) Op. No. 96-25A). These factors are known generally as the commonality and control requirements.

The DOL has further advised:

> [W]here several unrelated employers merely execute identically worded trust agreements or similar documents as a means to fund or provide benefits, in the absence of any genuine organizational relationship between the employers, no employer group or association exists for purposes of ERISA section 3(5). *See, e.g.,* Advisory Opinion 96-25A. Similarly, where membership in a group or association is open to anyone engaged in a particular trade or profession regardless of their status as employer, and where control of the group or association is not vested solely in employer members, the group or association is not a bona fide group or association of employers for purposes of ERISA section 3(5). *See, e.g., id.*; Advisory Opinion 2003-13A.

DOL Op. No. 2005-24A.

Factors the court may consider in determining whether an association is a "bona fide" employer association include: 1) how members are solicited; 2) who is entitled to participate and who actually participates in the association; 3) the process by which the association was formed; 4) the purposes for which it was formed and the preexisting relationships of its members, if any; 5) the powers, rights, and privileges of employer-members; and 6) who actually controls and directs the activities and operations of the benefit program. See DOL Op. No. 2008-07A. "A determination whether there is a bona fide employer group or association for this ERISA purpose must be made on the basis of all the facts and circumstances involved." Id.

Plaintiffs assert that the Industry Groups are "voluntary, membership-based organizations" and that each sponsors "a Health Benefit Trust as an ERISA employer." Pls.' Mem. at 5-6. Plaintiffs maintain that participation in each Industry Group is limited to Washington State employers within specific, primary business categories, thus meeting the commonality requirement. Plaintiffs argue that the Industry Groups' ongoing participation "in industry-focused activities and the history of common economic interests prior to the establishment of the Health Benefit Trusts show that the relationship between the participating member-employers is not based exclusively on the provision of benefits." Pls.' Mem. at 15. Plaintiffs further contend that the employer members of each Industry Group exercise control over their respective Health Benefit Trust.

Notably, the court is at a disadvantage in determining whether the Industry Groups qualify as "employers," as Moda presents no argument or evidence in opposition to plaintiffs' motion to allow the court to make a fully-informed decision based on the pertinent facts. Nonetheless, after review of the limited information provided by plaintiffs, I find that issues of material fact remain as to whether the Industry Groups constitute employers within the meaning of ERISA.

For example, Associated Industries of the Inland Northwest (Associated Industries) was purportedly founded in 1964 to

7 - OPINION AND ORDER

support the commercial construction industry. First DeWalt Decl.
at 2. However, its membership is not limited to employers of a
particular industry within a particular geographical area.
Instead, the bylaws set forth the following qualifications for
membership:

> Any corporation, limited liability company,
> partnership, sole proprietorship engaged in industry,
> manufacturing, merchandising, service or other
> business activities is eligible for membership as an
> employer member of Associated Industries of the Inland
> Northwest. Any association, corporation or otherwise,
> whose members are similarly engaged, is likewise
> eligible for membership as an association member.

Second DeWalt Decl. Ex. F at 1. Thus, by its terms, Associated
Industries' bylaws impose no geographical or specific industry
limitation on membership, and members need not be an employer to
qualify for an "association" membership. Therefore, Associated
Industries lacks the employer and commonality requirements to
constitute an "employer" within the meaning of ERISA. Gruber,
159 F.3d at 788; DOL Op. No. 2005-24A (an association is not a
bona fide association of employers "where membership in a group
or association is open to anyone engaged in a particular trade
or profession regardless of their status as employer").

At the same time, participation in the sponsored Health
Benefit Trust is limited to Associated Industries' members who
have a "principal business purpose . . . in the building and
construction industry." Second DeWalt Decl. Ex. L at 2. The DOL

8 - OPINION AND ORDER

has advised that industry association "members who are participating employers in [a benefit plan] are, at least in form, a bona fide group or association of employers that can act as an 'employer' within the meaning of section 3(5) of ERISA for the purpose of establishing and maintaining the [benefit plan] as a single employee welfare benefit plan." DOL Op. No. 2003-13A. Thus, even if Associated Industries cannot itself be considered an "employer," the Associated Industries members who participate in the relevant Health Benefit Trust could be considered an "employer" under ERISA.

With that said, plaintiffs present insufficient information to establish that Associated Industries' employer members have a "history of organized cooperation on employment-related matters and a genuine organizational relationship through their membership" in Associated Industries. See id. Plaintiffs maintain that Associated Industries has a history of sponsoring organized activities, including economic activities, educational opportunities, industry training, business promotions, and other events and seminars relating to the commercial construction industry. First DeWalt Decl. at 2. However, plaintiffs do not clarify whether and to what degree Associated Industries' *employer* members participate in these activities, and plaintiffs provide no documentation of these events or activities. Further, plaintiffs provide limited information regarding the Associated

Industries' employer members who participate in the Health Benefit Trust, and whether those members, in form and in substance, actually control the relevant Health Benefit Trust. Therefore, I find that questions of fact preclude summary judgment. DOL Op. No. 2003-13A ("The question of whether the Fund is subject, not only in form, but also in substance, to the control of the AICP producer members who are participating employers is an inherently factual issue on which the Department generally will not rule in an advisory opinion.").

As to the remaining Industry Groups, their bylaws generally limit membership to specific industry employers within Washington State. See Second DeWalt Decl. Exs. A-E. While industry alignment may establish a bona fide employer association, a "genuine organizational relationship" must nonetheless exist between the members. DOL Op. No. 2005-24A. As with Associated Industries, I find that plaintiffs present insufficient evidence to establish, as a matter of law, such a relationship between and amongst the employer members of each Industry Group.

Plaintiffs assert that the Greater Columbia Manufacturing Industry Group (GCMIG) was founded in 1989 by "industry members in order to form a workers compensation retrospective rating group." Buffington Decl. at 2. Plaintiffs maintain that GCMIG "engages in workplace safety training and health issues,

10 — OPINION AND ORDER

including hosting a monthly safety roundtable to address safety and process improvement for the manufacturing industry." Id. Apparently, GCMIG also participated in a September 2014 convention. Id.

Plaintiffs similarly assert that the Columbia Retail Industry Group (CRIG) was founded in 1991, for the same reasons as GCMIG. Poffenroth Decl. at 2. Apparently, CRIG "engages in safety training and education on health issues and also hosts safety trainings, seminars, trade shows and other industry events each year." Id. The CRIG also intends to participate in "an upcoming webcast related to data storage and record retention," as well as wage and hour issues in the retail industry. Id.

The Pacific Business Resource Industry Group (PBRIG) was purportedly founded in 1954 to support human resources and employment issues in the business services industry. Guarisco Decl. at 2. PBRIG "has had access to and has participated in a number of education programs of relevance to this group." Id.

Plaintiffs assert that the Greater Northwest Health Industry Group (GNHIG) was founded in 1954 "to support human resources, labor and employment issues in the healthcare industry." McFaul Decl. at 2. Plaintiffs claim that GNHIG has "hosted healthcare industry education programs, including a seminar . . . on tax and audit issues in health care" and "has

11 - OPINION AND ORDER

upcoming web events related to wage and hour issues related to the industry." Id.

Finally, plaintiffs assert that ALLtech Information Technology Group (ALLtech) "was founded in 2008 by industry members to promote the technology industry in Washington State." Tanner Decl. at 2. Plaintiffs contend that ALLtech has sponsored annual achievement awards to recognize technology companies, a prediction event representing companies and technology trending in the industry, CEO roundtable training, and a human resources roundtable. Id.

I do not find that these supporting declarations sufficiently establish a common economic or representative interest among each Industry Group's members, unrelated to the health plans. While the supporting declarations assert that the Industry Groups had access to, engaged in, participated in or sponsored certain educational and training programs, plaintiffs provide no documentation to establish who actually planned, attended or participated in the events. Further, the supporting declarations do not describe how employer members are solicited, who participates in each Industry Group, or how often the group meets or for what purpose.

Likewise, plaintiffs present no evidence regarding the processes by which the Industry Groups were formed, and plaintiffs give scant information regarding the powers,

12 — OPINION AND ORDER

privileges and rights of employer-members, aside from the right to participate in the sponsored health plan. Finally, as with Associated Industries, plaintiffs do not provide adequate evidence to show that the members of the Industry Groups control the Health Benefit Trusts, in form and in substance.

In sum, the court is unable to declare that the Industry Groups meet the commonality or control requirements for bona fide employer associations based on the limited information provided by plaintiffs. Additional information and documentation is needed before the court may make such a determination as a matter of law. Accordingly, the motion for summary judgment is denied.

### CONCLUSION

For the reasons set forth above, plaintiffs' Motion for Summary Judgment (doc. 8) is DENIED.

IT IS SO ORDERED.

DATED this 16th day of July, 2015.

_____
Ann Aiken
United States District Court